HENRY C. HILL AND WIFE *v.* CARLOS CLARK et al.

1. INFANT. *May exercise power, when.* An infant may exercise a naked power, unaccompanied with any interest or not requiring exercise of any discretion.

2. SAME. *Power given to execute during infancy.* If a power is given to an infant, relating to his own estate, it must be inserted in the deed that he may execute it during his infancy, or his execution of it will have no effect.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

McKissick & Turley and Taylor & Carroll for Complainants.

Henry Craft for Defendants.

Deaderick, C. J., delivered the opinion of the Court.

On the 19th of October, 1872, complainants filed their bill in this case in the Chancery Court at Memphis. It alleges that complainant, Laura Gertrude, is the daughter of J. R. Jones, born March 3rd, 1852, and that she and complainant, Henry C. Hill, were married in 1871; that on the 22nd of December, 1859, her father, by deed of that date, conveyed a house and lot in Memphis, described therein, to one John W. Hawthorne, in trust for her, and to her sole and separate use during her natural life, with reversion to grantor.

A copy of this deed is exhibited with her bill, was acknowledged for registration December 23rd, and registered December 30th, 1859.

The deed then provides: " If said Laura shall, at any time, desire to have said lot of ground sold, and the proceeds thereof invested in other real estate, and negroes, she may in writing request the aforesaid trustee to make sale thereof, naming the price at which it shall be sold, and shall name or designate the property to be purchased in its stead, which request she shall sign and acknowledge before the Clerk of the County Court, in

form and manner similar to the statutory require-
ments of married women acknowledging deeds of
conveyances."

This being done, the deed authorizes the trustee
to sell and invest, etc.

The bill further alleges that about the 28th of
January, 1862, when the complainant, Laura, was
less than ten years of age, she was taken by her
father to a strange place, and in the presence of
strange gentlemen a paper was read to her, the
nature and purport of which she did not fully
understand, but it impressed her "that she was to
sign away her home," which she was averse to,
but the gentlemen present and her father persuaded
her to do.

This paper is also exhibited with the bill, and
is a letter addressed by said Laura to Hawthorne,
the trustee, requesting him to sell the house and
lot for $4,000 and invest the proceeds in certain
lands in Arkansas.

This letter, entitled "letter of authority," was
signed by said Laura, by making her mark, and
the Clerk of the County Court, by his deputy,
certifies, on the same day on which it is dated—
January 28th, 1862—that he was personally ac-
quainted with Laura Gertrude Jones, the maker,
and that she acknowledged "that she executed the
same for the purposes therein contained."

And, on the same day—January 28th, 1862,—the
said Hawthorne conveyed, as trustee, the said house
and lot to one Thomas Jones, for the considera-

tion, as recited in the deed, of $4,000; and it is alleged that said sum never was invested for complainant, Laura, in any manner, and that defendant, Clark, was in possession of the house and lot, and had been for several years, setting up claim thereto, claiming under a purchase from said Thomas Jones.

The bill further alleges that complainant, Laura, was a minor at the time of said several transactions and conveyances; repudiates them, and asks that they be declared void and cancelled, and be declared clouds upon her title, and that the possession and title to said house and lot be decreed to her, and that she have an account for rents, etc.

Clark demurred to the bill, and assigned several causes of demurrer, one of which was held good, but was remedied by amendment, and as to others the demurrer was overruled, and said Clark was required to answer.

The answer admits the conveyance by J. R. Jones to Hawthorne, trustee, and his conveyance to Thomas Jones, and admits that he holds and claims, by purchase from Thomas Jones, the said house, and sets up and relies upon the plea of innocent purchaser, without notice, and that J. R. Jones executed a deed for his reversionary interest, and said Thomas Jones conveyed the premises to him; denies any knowledge of the infancy of said Laura, at the time of his purchase and payment of $3,600, which was the amount paid by him; and exhibits with his answer J. R. Jones' deed to Thomas Jones, and Thomas Jones' deed to him,

both bearing date January 16th, 1866. The last named deed refers to the deed of said Hawthorne, as trustee of said Laura, to said Thomas Jones.

The facts stated in the bill and answer, it was agreed, should be considered as if they had been severally sworn to by the respective parties as depositions.

Upon the facts there is no conflict. The complainant was a little less than ten years of age when she gave what is called a "letter of authority," directing the trustee to sell. The defendant insists this was a valid exercise of the power to direct a sale, under the deed of J. R. Jones to Hawthorne, as trustee, and that he has, at all events, the legal title, by regular conveyances, and as an innocent purchaser without notice he cannot be divested of his title.

An infant may exercise a naked power, unaccompanied with any interest, or not requiring the exercise of any discretion. If a power is given to an infant, relating to his own estate, it must be inserted in the deed, that he may execute it during his infancy, or his execution of it will have no effect: Perry on Trusts, sec. 52, citing cases.

Defendant's solicitor has submitted a recent (1878) decision of an English Chancery Court, in 7 Eng. Law R., 728, in the matter of Cardross's settlement, in which it was held that an infant can exercise a power, even though it be coupled with an interest, where an intention appears that it should be exercised during minority. In contem-

Hill *v.* Clark.

plation of marriage, certain sums in consols and three per cent. annuities were vested in trustees for Lady Cardross, "an infant of seventeen years and upwards," she being a. ward of Court, with power to re-invest "with the consent" of Lady Cardross and her husband; and the trustees applied for advice whether she, being still a minor, could consent to a re-investment.

After stating that Lord Hardwicke had held in *Hearle* v. *Greenbank*, 3 Atk., 695, that an infant could not execute a power over real estate, the Master of the Rolls said that it appears from this judgment, as interpreted by Preston, that an infant might exercise such power, if the minority is expressly dispensed with, or if there is an indication of intention that the power might be exercised during minority. The Master of the Rolls then states that the property is not real estate, but pure personalty, and that the fact of her minority is stated in the settlement, in which she is required to give her consent, and from these facts, and others, he held, she might consent, it appearing that it was intended to confer the power.

Although such intention does not very clearly appear, yet the facts stated, as existing in that case, even if we considered them sufficient, do not exist in this.

In this case there is nothing in the language of the deed, or surrounding circumstances, to indicate that it was the intention of the donor that the consent of Laura might be given to a sale

during her minority. The conveyance was made to a trustee for her, when she was about seven years of age, to be held by him for her during her natural life, to her sole and separate use, free from the control, or liability for debts of any husband she may thereafter have.

The deed further provides if said Laura should at any time desire to have said lot sold, then she may request the trustee, in writing, to sell, and fix the price and specify the property in which the proceeds shall be invested.

Manifestly, these provisions contemplated that Laura should exercise judgment and discretion, and should be of an age at which she might be presumed to have some capacity to determine whether it was judicious to sell, and to be able to form some idea of the value of the property to be sold, as well as to be able to determine in what property to invest, and at what price. It is a mere farce to have a child of scarcely ten years of age charged with the exercise of discretion in such matters. In such a case it would require very clear expression of intention to confer such powers before it could be sanctioned and approved.

These several conveyances, as well as the "letter of authority" bearing date January 28th, 1862, were all prepared by others, and the letter signed without any just comprehension on her part of their force and effect. There was no explanation to her of the nature and consequences of the act she was doing, which she could comprehend, and

her execution or acknowledgment of the letter requesting the sale of the property was not in conformity to the requirements of the deed. Possibly if she had been privately talked to, and examined, she might have been saved from the signing of the letter.

At all events, we are of opinion that said conveyance by the trustee did not divest complainant of her title to the house and lot, and that under the said trust deed she had no power to assent to the sale of the property during her minority, and was, in fact, incapable of understanding the effect of her act, and that said Thomas Jones obtained no title to the same, and conveyed none to defendant which he can set up against complainants. And under the facts of this case, complainant had the undoubted right to repudiate the sale as being unauthorized by her, and make void the said conveyance of said trustee. And as the deed of said trustee, being thus avoided, does not, and it is held did not, divest the complainant of her title to said land, the plea of innocent purchaser cannot prevail against her.

The Chancellor held in conformity to the views expressed in this opinion, and his decree will be affirmed, with costs.


DEADERICK, C. J., upon petition to re-hear, said:

We are asked to modify the opinion pronounced in this case at a former day of this term.

It is argued that the grantor of the power to the infant, who is also her father, must be presumed to know whether he intended it to be exercised during infancy of the donee, and that his urging her to execute the power shows that it was his intention that the power should or might be exercised during the infancy of the donee.

We do not think so. It is evidence that the father desired his daughter to execute the power at the time he prevailed upon her to do so, but it does not prove that such was the intention at the time of its creation. On the contrary, as stated or intimated in the former opinion, the instrument itself which created the power, manifests a different intention, in that the exercise of the power required judgment as to the value of property, discretion to determine if it were judicious to sell and re-invest, and in what other property. And it is very clear that an intelligent father could not have supposed that his infant daughter, less than ten years old, was capable of determining these questions.

The opinion heretofore announced will be adhered to in the particular above indicated.

But the decree may provide that Clark may be vested with any title to the Arkansas land which may have been vested in complainant, in payment of her Memphis property, if any such title had been vested in her.